# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSUE JEROME WALTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. CIV-09-281-F |
| | ) | |
| JIM KEITH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has brought this action seeking a writ of mandamus. United States District Judge Stephen P. Friot has referred this matter to the undersigned magistrate judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). It is recommended that the Petition for Writ of Mandamus **(ECF No. 44)** be **DISMISSED** for lack of subject matter jurisdiction.

### I. PROCEDURAL BACKGROUND

In March 2009, Mr. Walton filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction. (ECF No. 1). Petitioner had been convicted of five counts of robbery with a firearm. (ECF No. 1:1). On June 9, 2010, Magistrate Judge Doyle Argo recommended granting habeas relief in the form of an unconditional writ on ground two which had alleged insufficient evidence for the conviction on count two. (ECF No. 33). District Judge Stephen Friot adopted the recommendation and entered a Judgment accordingly. (ECF No. 35). Petitioner now files the current pleading which he styles "Petitioner's Writ of Mandamus." (ECF No. 44). The entirety of Mr. Walton's pleading states:

Petitioner, pro se, pursuant to the Judgment and Order Issued by this Court in the above cited case matter, granting Petitioner's writ of habeas corpus, request [sic] the Court to compell [sic] the State of Oklahoma to comply with the Judgment and Order of this Court.

## II. DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

Federal district courts have jurisdiction over "any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). Consequently, a suit for federal mandamus relief must name a federal officer or employee as the subject of the request for relief. *Id*.; *see also Amisub (PSL), Inc. v. Colo. Dep't. of Soc. Servs.*, 879 F.2d 789, 790 n.2 (10th Cir. 1989) ("No relief against state officials or state agencies is afforded by § 1361.").

Petitioner asks this Court to compel the State of Oklahoma to act with regard to his state court conviction. But this relief is outside the scope of the Court's mandamus authority. *See Martin v. Bear*, 2016 WL697006, at 4 (W.D. Okla. Jan. 28, 2016) (unpublished op.) (explaining that a federal district court "has no authority under the mandamus provision to direct a state judge's actions as Petitioner requests.") (internal citations and quotation marks omitted).

Mr. Walton has not alleged any duty owed to him by a federal official or agency. And, while this court broadly construes pleadings filed by *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519 (1972), it is not the proper function of the district court to assume the role of advocate for the *pro se* litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court "will not . . .construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Because this court is not authorized to issue a writ of mandamus against state officials or agencies, Petitioner's action seeking such writ should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

## III. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

It is recommended that Petitioner's application for a writ of mandamus be **DISMISSED** upon filing for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **March 14, 2016**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## IV. STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on February 26, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE