# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSUE JEROME WALTON, | ) |
| Petitioner, | ) ) ) |
| -vs- | ) ) Case No. CIV-09-0281-F |
| JIM KEITH, Warden, | ) ) ) |
| Respondent. | ) ) ) |

## **ORDER**

Petitioner Josue Jerome Walton, a state prisoner appearing pro se, petitions for a writ of mandamus from this court. Doc. no. 44. Specifically, he asks the court to compel the State of Oklahoma to comply with the previous judgment and order of this court.[1] On February 26, 2016, Magistrate Judge Shon T. Erwin entered a Report and Recommendation (the Report), recommending that the petition for a writ of mandamus be dismissed for lack of subject matter jurisdiction. Doc. no. 46. Petitioner objected to the Report. Doc. no. 47. The court has reviewed all objected to matters *de novo*.

The Report recommends dismissal because the request for a writ of mandamus asks this court to compel the State of Oklahoma to act with regard to petitioner's state

---

[1] The state trial court sentenced petitioner to thirty years imprisonment on each count, with the sentences to run concurrently. On July 22, 2010, doc. no. 34, this court granted habeas relief with respect to ground two of petitioner's motion under 28 U.S.C. § 2254. In ground two, petitioner had challenged the sufficiency of the evidence used to convict him with respect to Count Two. In his motion for § 2254 relief, petitioner had challenged his convictions on five counts of robbery with a firearm. In an earlier order, the court denied relief with respect to the other grounds for relief presented under § 2254. Doc. no. 24.

court conviction. The Report explains that such relief is outside the scope of this court's mandamus authority, because federal district courts have no authority under the mandamus provision to compel action by the state courts. Petitioner's objection to the Report indicates that he is now aware of this limitation on the scope of this court's authority. Petitioner's objection asks for leave to amend his petition for relief, but petitioner does not adequately specify how he would amend so as to provide this court with jurisdiction.[2]

Petitioner's objection to the Report is **DENIED**. The Report and Recommendation of Magistrate Judge Erwin is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. As recommended in the Report, petitioner's request for a writ of mandamus is **DISMISSED** for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Petitioner's application for leave to proceed in forma pauperis is **STRICKEN** as moot. Doc. no. 48.

Dated this 30th day of March, 2016.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0281p012.wpd

---

[2]On August 6, 2015, petitioner moved in his state court case, CF-2004-5476, District Court of Oklahoma County, for a correction to his sentence which would show that he had been granted habeas relief with respect to his conviction on Count Two. That motion is pending in state court.